Hon. James P. Melton Commissioner State of New York Department of Motor Vehicles
This is in reply to your letter requesting that I reconsider the opinion of the Attorney General dated August 15, 1978, to the effect that a system for closed circuit televising of administrative hearings would be prohibited by section 52 of the Civil Rights Law. Your request is based on information that the contemplated system does not involve televising and that the "Picturephone" system of the New York Telephone Company transmits voice and picture to the hearing room over telephone wires. You also urge that the State is not a person within the contemplation of section 52 of the Civil Rights Law.
In view of the Supreme Court's application of the definition of person in the context of the Communication Law to encompass a state (Nardone vU.S., 302 U.S. 379 [1937]), it is reasonable to construe section52 of the Civil Rights Law as applicable to include the State as well. The opinion of the Attorney General of August 15, 1978, on this point is reaffirmed.
Your suggestion that the contemplated system is not a broadcast and therefore not encompassed within the prohibition of the statute has been carefully analyzed.
The "Picturephone" system of the American Telephone and Telegraph Company (the word is a service mark) is essentially a video telephone. (The VideoTelephone, Impact of a New Era in Telecommunications, Edward M. Dickson in association with Raymond Bowers, Praeger Publishers, 1973, pp 28-40.) An "Audio" telephone provides a communication channel for sound between telephone subscribers. A "Video" telephone system adds a visual image to the usual features of a telephone (ibid. p 10). What you now contemplate is different from closed television properly defined. H.I. Romnes, when Chairman of the American Telephone and Telegraph Company stated:
 "this is because the Picturephone includes not only a telephone but also a television camera and a receiver — a miniature TV studio" (U.S. News World Report, Nov. 11, 1968, p 92).
A telephone communication is not broadcasting as defined in federal law, which defines broadcasting as:
 "the dissemination of radio communications intended to be received by the public, directly or by the intermediary of relay stations". (47 USCA 153(o).)
From the foregoing it is apparent that the "Picturephone" or any similar video telephone system is not a broadcast system. The conclusion that it is not covered by section 52 is reinforced by the fact that the telephone system does not publicly air what is said, hence it is not an invasion of privacy such as section 52 was designed to prohibit.
It must, however, be considered that the issue of the right to confront witnesses may be a problem in the use of this procedure whereby testimony will be received by a telephone system from a point distant from the hearing room (Richard P. Maloney, "Trying small cases by Picturephone",American Bar Association Journal, 55, Nov. 25, 1972, pp 1057-59). A defendant is able to observe the video image of the witness, who can likewise be cross-examined over the video telephone. This procedure has been used to conduct an examination before trial of a party in California involved in a New York State lawsuit (Glaser v New York Telephone Co.,
NYLJ, p 1. c 3 11/17/78) as well as for the perpetuation of testimony, and the testimony of expert witnesses (Ron Brown, "Electronics Courts the Law", New Scientist, April 6, 1972, pp 26-27). Testimony as to telephone communications is permissible (29 Am Jur 2d, Evidence, 380 et seq.).
Since traffic violations involved in these hearings are criminal in nature, however, the defendant is constitutionally entitled to a confrontation of the witnesses testifying against him (State Const. Art 1, § 6). If he should consent to the procedure, the defendant would not be deprived of any of his constitutional rights. People vHilderbrandt, 308 N.Y. 397 (1955).
It is therefore my opinion that conducting an administrative adjudicatory hearing by means of a visual telephone ("Picturephone") system is not prohibited as a broadcasting of such proceedings that are proscribed by section 52 of Civil Rights Law and would be permissible upon the consent of the defendant.